IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.:  1:25-cr-00305-APM

FREDRICK CRAWFORD.

**MEMORANDUM IN SUPPORT OF MOTION TO
REVOKE MAGISTRATE ORDER OF DETENTION**

Comes now, the defendant FREDRICK CRAWFORD, by and through counsel and files this memorandum in support of his motion to revoke magistrate order of detention. In support of which, counsel states the following:

**I. Relevant Procedural History**

Mr. Crawford was arrested on October 1, 2025. He appeared for his initial appearance on the same day. At that time the court ordered Mr. Crawford held and set a detention hearing for October 3 and 7, 2025.

At the detention hearing the court considered evidence introduced by the government, a report from the pretrial services agency, and arguments of counsel. The magistrate judge denied his request for release.

Mr. Crawford now files this request for the setting of conditions of release.

**II. Legal Predicate**

**Appropriate Detention Factors**

Pretrial detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, *et seq*. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (*per curiam*).

  The Court's determination is governed by four factors:

  1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

  2)  The weight of the evidence against the person;

  3)  The history and characteristics of the person, including –

    A. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

2

      B.    Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4)    When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. *Id.* § 3142(g).

**III. ARGUMENT**

    **A.**    **Nature and Circumstances of the Offense.**

The first statutory factor requires the Court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). Mr. Crawford is charged by way of indictment. The BRA, of course, requires a reviewing court to "assess the specific conduct of each defendant." *United States Chrestman*, No. 21-mj-218 (ZMF), 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021). The reviewing court should evaluate the nature and circumstances of Mr. Crawford's specific conduct, then consider the different factors that warrant potential pretrial detention for his participation. *Id.*

This case involves the alleged illegal possession and distribution of fentanyl. The indictment identifies transactions in which Mr. Crawford allegedly distributed a quantity of suspected fentanyl.

    **B. Weight of the Evidence.**

Mr. Crawford concedes the weight of the evidence weighs in favor of detention.

    **C. History and Characteristics of Mr. Holloway.**

3

Mr. Crawford's history and characteristics weigh in favor of release. Mr. Crawford is a lifelong resident of the area. He has substantial contacts to this area. His mother, and extended family all reside in this area. He lacks any criminal history. This Honorable Court has determined he is indigent and appointed counsel to represent him. He clearly is without sufficient funds to flee. Due to his lack of criminal history, there is no evidence of failures to comply with court orders.

### D. Danger to Community.

During this court's consideration of motions for pretrial release or detention, the goal is to ensure that the pretrial release of a defendant will not imperil "the safety of any other person and the community." § 3142(g)(1). Although the government may repeat her previous contention that the mere allegation of involvement with events described in the affidavit is concerning enough to support detention such a position would result in any defendant charged with the same automatically being detained. Of course, the Bail Reform Act requires much more. It requires a particularized finding that Mr. Crawford represents a danger that cannot be abated by any conditions of release. The government simply cannot demonstrate such.

Again, Mr. Crawford does not have a criminal history. He is not accused of committing any acts of violence during the commission of these alleged offenses. There is no evidence that he has a history of violence. There is no fact present that would suggests he is a continued danger to the community.

### III.   Proposed Conditions

The defendant respectfully requests that this Honorable Court set the following conditions of release:

4

    a. The defendant be placed on home confinement with global position satellite (GPS) monitoring.

    b. The defendant be placed in the third-party custody of his parents, Mr. Fredrick D. Crawford and Mrs. Tracy Fredrick.

    c. The defendant be ordered to reside at his parents' home.

    d. The defendant be prohibited from using any telephone or computer devices without approval of the United States Pretrial Services.

    e. The defendant be placed under the supervision of the United States Pretrial Service and ordered to report as directed.

    f. The defendant be prohibited from possessing any firearms.

    g. The defendant be prohibited from the excessive use of alcohol.

    h. The defendant be prohibited from using any illegal controlled substances.

## IV. Conclusion

For the reasons stated herein and those that may become evidence at any hearing, Mr. Crawford respectfully requests that this Honorable Court enter an order setting conditions of release.

I ASK FOR THIS:

By counsel

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax

RJenkins@BynumAndJenkinsLaw.com
Counsel for FREDRICK CRAWFORD

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this October 15, 2025.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for FREDRICK CRAWFORD