**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No. 25-cr-305 (APM)** |
| **FREDRICK CRAWFORD,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.      Summary of the Plea Agreement

Fredrick Crawford (hereafter, "the defendant") agrees to admit guilt and enter a plea of guilty to Count Six of the Indictment, charging him with Unlawful Distribution of 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

II.     Elements of the Offenses

Count Six of the Indictment charges that, on or about August 13, 2025, the defendant distributed 40 grams or more of fentanyl.  The essential elements of the offense of Unlawful Distribution of 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl, each of which the government must prove beyond a reasonable doubt, are:

1.      That the defendant transferred or attempted to transfer to another person a measurable amount of a controlled substance, fentanyl;

2.      The defendant did so voluntarily and on purpose, not by mistake or accident; and

3.      The controlled substance was 40 grams or more of a mixture and substance containing a detectable amount of fentanyl.

III.    Penalties for the Offense

With respect to Count Six, the penalty for Unlawful Distribution of 40 Grams or More of

a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), is:

    (A)    a term of imprisonment not less than five years and not greater than forty years;

    (B)    a fine not to exceed $5,000,000;

    (C)    a term of supervised release of not less than four years to follow any period of incarceration; and

    (D)    a special assessment of $100.

IV.    Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

In March of 2025, the Drug Enforcement Administration (DEA) began a criminal investigation into the defendant Fredrick Crawford. As described below, law enforcement received information that the defendant was distributing large quantities of fentanyl. Law enforcement, through an undercover law enforcement officer (UC), made six controlled purchases of fentanyl, totaling approximately 257 grams of fentanyl from the defendant. In September of 2025, the defendant negotiated a deal with the UC in which he agreed to sell a half kilogram of fentanyl (500 grams) for $17,500.

**1.  Count Six: August 13, 2025 Controlled Purchase of Fentanyl**

On August 12, 2025, the UC contacted the defendant on the defendant's cellular telephone to arrange a controlled purchase of approximately 56 grams of fentanyl for $2,800 for the following day, August 13, 2025 (the Sixth Controlled Drug purchase). Below is a summary of the text message conversations between the defendant and the UC setting up the Sixth Controlled Drug purchase:

2

| | |
|---|---|
| *3:44 p.m. UC:* | *Tomorrow?* |
| *3:45 p.m. CRAWFORD:* | *yup its good.* |
| *3:47 p.m. UC:* | *Bet. Same ol 2 step.* |
| *3:47 p.m. CRAWFORD:* | *Bet* |
| *6:13 p.m. UC:* | *Can we do noon? Gotta make a run in the afternoon* |
| *6:16 P.m. CRAWFORD:* | *Bet* |
| *6:16 p.m. UC:* | *Appreciate it* |

On August 13, 2025, at approximately 10:00 a.m., law enforcement established surveillance in front of and around 5322 Eleanor Brooke Way, Upper Marlboro, Maryland, a residence rented and occupied by the defendant's girlfriend's parents, where the defendant also lived with his girlfriend and children (approximately one and six years old), and. At approximately 11:24 a.m., the UC contacted the defendant on his cellular telephone to confirm that the defendant was still available to conduct a controlled purchase later in the day. Below is a summary of the phone conversation:

| | |
|---|---|
| *CRAWFORD:* | *Hello* |
| *UC:* | *What's up slim.* |
| *CRAWFORD:* | *What's up bro.* |
| *UC:* | *I wasn't sure if you hit me back or not. My battery died that's my fault. We still good?* |
| *CRAWFORD:* | *Yup..Yup..Yup, Im headed up that way now.* |
| *UC:* | *Aight, you the man. Appreciate it holmes.* |
| *CRAWFORD:* | *That's a bet, no question.* |

At approximately 11:26 a.m., the defendant was observed exiting the front door of 5322 Eleanor Brooke Way and begin walking through the neighborhood. At this same time, law enforcement observed a red Chevrolet Silverado bearing Maryland tags enter the neighborhood and park on the service road at the entrance of the defendant's neighborhood. At approximately 11:28 a.m., law enforcement observed the defendant enter the red Chevrolet pickup truck and drive to the location agreed upon for the Sixth Controlled Drug purchase, the Lowes parking lot located at 2438 Market Street NE, Washington, D.C.

At approximately 11:51 a.m., the UC arrived at the Lowes parking lot. At approximately

11:57 p.m., law enforcement members observed and recorded the red Chevy Silverado enter the parking lot and back in directly next to the UC vehicle.  Moments later, the UC exited the UC vehicle and entered the red Chevy Silverado.  Inside the vehicle, the UC handed the defendant $2,800 in exchange for a plastic bag containing a white powdery substance.  The UC exited the red Chevy Silverado, returned to his car, and the UC and the defendant both departed the area. The substance was later analyzed at the DEA Mid-Atlantic Laboratory and tested positive for Fentanyl, weighed 55.77 grams, and was approximately 10% pure fentanyl.  The Sixth Controlled Drug purchase was captured on both an audio and video recording (*see* Below Exhibit 1 and 2).



**Exhibit 1 – A Photograph of the Defendant During the Sixth Controlled Drug Purchase**



**Exhibit 2 – A Photograph of the Defendant Providing the UC 55.77 Grams of Fentanyl**

### 2. Additional Controlled Fentanyl Buys

Additionally, the defendant conducted five other controlled fentanyl buys with the UC that are summarized below, all taking place at the Lowe's Parking Lot at 2438 Market Street NE, Washington, D.C.:

- ❖ Buy 1 - April 30, 2025 controlled buy, 27.95 g of fentanyl;
- ❖ Buy 2 - May 14, 2025 controlled buy, 28.06 g of fentanyl;
- ❖ Buy 3 - May 29, 2025 controlled buy, 55.63 g of fentanyl;
- ❖ Buy 4 - June 17, 2025 controlled buy 55.08 g of fentanyl;
- ❖ Buy 5 - July 11, 2025 controlled buy 55.79 g  of fentanyl; and
- ❖ Buy 6 - August 13, 2025 controlled buy 55.77 g of fentanyl

### 3. Half Kilogram Controlled Fentanyl Buy

Additionally, on September 3, 2025, the UC and the defendant spoke about a half kilogram of fentanyl deal for $17,500.  Again, on September 23, 2025, the UC and the defendant continued communications about the sale of a half kilogram of fentanyl.  Shortly thereafter, the defendant called the UC back, confirming the price of the half kilogram and discussed options for meeting

locations.   Instead of completing the half kilogram fentanyl deal, on October 1, 2025, law enforcement executed a search warrant at 5322 Eleanor Brooke Way.  Recovered among other things were:  five different types of drugs, over $10,000, a large quantity of ammunition, a drum barrel magazine continuing 40 rounds of ammunition, and drugs in the toilet indicative of being flushed down the toilet.  The defendant agrees that he is accountable for at least 400 grams but less than 1.2 grams of fentanyl.

The defendant agrees that he personally has read, or had read to him, the Indictment and reviewed the discovery in Criminal Case No. 25-cr-305 (APM).  The defendant agrees that he does not have information to dispute or disprove the allegations in the Indictment or discovery in any way.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea.  The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes.

<div style="margin-left:40%">

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:  *Anthony Scarpelli*
Anthony Scarpelli
D.C. Bar No.   474711
Andrea Duvall
AR Bar No. 2013114
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
202-252-2408 (Duvall)
202-252-7707 (Scarpelli)
andrea.duvall@usdoj.gov
anthony.scarpelli@usdoj.gov

</div>

**DEFENDANT'S ACKNOWLEDGMENT**

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Robert Jenkins, Esquire.  I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date:_____February 18, 2026_____          _____
                                                Fredrick Crawford
                                                Defendant


**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Fredrick Crawford, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: _____February 18, 2026_____          _____
                                                Robert Jenkins, Esquire
                                                Attorney for Defendant Fredrick Crawford

7